UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DANA E. LOPES,                    )
          Plaintiff,              )
                                  )
          v.                      )    CIVIL ACTION No.
                                  )    14-10679-NMG
                                  )
GERALDINE RIENDEAU, et al.,       )
          Defendants.             )
```

**MEMORANDUM AND ORDER RE: PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**GORTON, J.**

For the reasons stated below, Plaintiff's motion to amend is denied without prejudice.

**A.   Background**

On February 24, 2014, Plaintiff Dana E. Lopes, an inmate confined to the Old Colony Correctional Center, filed a five-page civil rights complaint against eight prison and medical personnel defendants.  See Docket No. 1.  On March 31, 2014, Lopes was granted in forma pauperis status and summonses were issued for service by the U.S. Marshal.  See Docket.

Now before the Court is Lopes' Motion to Amend seeking to add a new defendant to this action.  See Docket No. 7.  As to why Lopes seeks to add this new defendant, the motion simply states that "Doctor Carson was lately assigned as primary care giver to your plaintiff and she must be added as the attached amendment delineates."  Id.  Accompanying the motion is a one-page document titled "amended complaint," which is simply a copy of the first page of the original complaint revised to include Doctor Carson

as a defendant. Id.

**B. Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of complaints. Under the liberal amendment policy underlying Rule 15, leave to amend "is freely given when justice so requires absent an adequate basis to deny amendment such as futility, bad faith, undue delay or a dilatory motive." Transwitch Corp. v. Galazar Networks, Inc., 377 F.Supp.2d 284, 290 (D. Mass. 2005) (quotations and citation omitted). Amendment would be futile when the complaint as amended still would not survive a motion to dismiss. See Adorno v. Crowley Towing and Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (leave to amend should be granted "unless the amendment would be futile").

To the extent the motion seeks to raise claims arising out of events occurring after the commencement of this action, it is more in the nature of a motion to supplement the complaint filed pursuant to Fed. R. Civ. P. 15(d)[1] than an amendment to the

---

[1] Rule 15(d) of the Federal Rules of Civil Procedure states that "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time." Fed. R. Civ. P. 15(d).

2

complaint. See Fed. R. Civ. P. 15(a).[2]

**C.   Discussion**

Here, Lopes states that his motion to add a new defendant should be granted because he has not yet served the original complaint. However, the motion and proposed amendment fail to allege any facts concerning the proposed new defendant. Lopes simply states that the proposed defendant was recently assigned as plaintiff's "primary care giver." Such proposed amendment does not conform with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and fails to state a claim.

A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The proposed amended complaint fails to comport with the pleading requirements of Rule 8.

---

[2]Rule 15(a) of the Federal Rules of Civil procedure provides that "[a] party may amend its pleading once as a matter of course within ... 21 days after serving it[.]" Fed. R. Civ. P. 15(a)(1). Thereafter, a party must obtain leave of court. See Fed. R. Civ. P. 15(a)(2).

3

Moreover, Lopes failed to repeat in the amended complaint any allegations in the original complaint underlying the claims in the amended complaint.  An amended complaint completely supercedes the original complaint.  See Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 88 n.2 (1st Cir. 2007).

Here, the amended complaint fails to provide any factual allegations concerning the proposed defendant and is subject to dismissal for failure to state a claim upon which relief may be granted.  See 42 U.S.C. 1915(e)(2)(B)(ii).

Accordingly, it is hereby ORDERED that Plaintiff's motion (#7) to amend is denied without prejudice.

**So ordered.**

| | |
|---|---|
| May 5, 2014 | /s/ Nathaniel M. Gorton |
| DATE | Nathaniel M. Gorton |
| | United States District Judge |