UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANA LOPES,
    Plaintiff,

    v.                                                                CIVIL ACTION NO.
                                                                              14-10679-NMG

GERALDINE RIENDEAU, RN, BARBARA BERG,
LPN, UMASS CORRECTIONAL HEALTH, Program
Services, DYANA NICKL, Senior Director
of Program UMass Corr. Health, LAWRENCE
WEINER, Assistant Deputy Commissioner of
Clinical Services, SHAWNA NASUTI, NP,
PAUL CARATAZZOLA, LICSW, Administrator of
Health Services, PAT DAVENPORT-MELLO, HSA of
Nursing and MASSACHUSETTS PARTNERSHIP OF
CORRECTIONAL HEALTHCARE,
    Defendants.

**MEMORANDUM AND ORDER RE:
PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT
OF COUNSEL (DOCKET ENTRY # 118)**

**March 3, 2016**

**BOWLER, U.S.M.J.**

    Pending before this court is the above motion for appointment of counsel (Docket Entry # 118) filed by plaintiff Dana Lopes ("plaintiff"), an inmate at Old Colony Correction Center in Bridgewater, Massachusetts. (Docket Entry # 39). The complaint alleges retaliation and a denial of medical care under 42 U.S.C. § 1983 ("section 1983") and state law. On March 31, 2014, the court allowed plaintiff to proceed in forma pauperis and denied a motion to appoint counsel without prejudice. On March 11, 2015, this court denied a second motion for appointment of counsel without prejudice.

<u>DISCUSSION</u>

As explained in the March 11, 2015 Memorandum and Order, "Indigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel."  Montgomery v. Pinchak, 294 F.3d 492, 498 (3rd Cir. 2002); accord DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) ("[t]here is no absolute constitutional right to a free lawyer in a civil case").  Section 1915(e)(1) of Title 28 of the United States Code, however, gives a court the discretion to request appointed counsel for "any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); see Weir v. Potter, 214 F.Supp.2d 53, 54 (D.Mass. 2002).

In order to obtain appointed counsel, there must be a showing of both indigency and exceptional circumstances. DesRosiers v. Moran, 949 F.2d at 23; accord Cookish v. Cunningham, 787 F.2d 1, 2 (1st Cir. 1986) ("an indigent litigant must demonstrate exceptional circumstances in his or her case to justify the appointment of counsel"); Weir v. Potter, 214 F.Supp.2d at 54.  Plaintiff attached an affidavit to the motion which establishes his indigency.

With respect to exceptional circumstances, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself."  DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F.Supp.2d at 54 (in assessing whether exceptional circumstances exist to warrant

appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self"). In the case at bar, the factual issues are not complex. Rather, they involve a discrete set of facts regarding medical care and alleged retaliation. Moreover, this court set out those facts in the March 2, 2015 Report and Recommendation and the March 2016 Report and Recommendation. As evidenced by plaintiff's filings, he is intimately familiar with the relevant facts.

The March 2, 2015 Report and Recommendation also delineated the legal standard applicable to denied or delayed medical care under the Eighth Amendment. The March 2016 Report and Recommendation reiterated that standard and detailed the law relative to a section 1983 retaliation claim.

In short, neither the law nor the facts are complex under the circumstances. Plaintiff also shows a detailed understanding of the facts and an adequate ability to represent himself.

## CONCLUSION

In accordance with the foregoing discussion, the motion for appointment of counsel (Docket Entry # 118) is **DENIED** without prejudice.

                                  /s/ Marianne B. Bowler
                                **MARIANNE B. BOWLER**
                                United States Magistrate Judge