```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|                              |   |                   |
|------------------------------|---|-------------------|
| DANA E. LOPES,               | ) |                   |
|     Plaintiff,               | ) |                   |
|                              | ) | Civil Action No.  |
|     v.                       | ) | 14-10679-NMG      |
|                              | ) |                   |
| GERALDINE RIENDEAU, et al,   | ) |                   |
|     Defendants.              | ) |                   |

## MEMORANDUM AND ORDER

**GORTON, J.**

The instant pro se action was filed on February 24, 2014, by Plaintiff Dana E. Lopes ("Lopes"), an inmate in custody of the Massachusetts Department of Correction. Plaintiff's original complaint alleges retaliation and a denial of medical care under 42 U.S.C. § 1983 and state law against nine defendants. Some of the defendants, as well as some of Plaintiff's claims, have been dismissed. This case has a lengthy history and the facts and procedural history have been recounted in earlier orders and need not be repeated here.

Pending before this Court are motions for summary judgment under Fed. R. Civ. P. 56 ("Rule 56") filed by defendants Barbara Berg ("Berg"); Dyana Nickl ("Nickl") and Geraldine Riendeau ("Riendeau"); and Paul Caratazzola ("Caratazzola"), Patricia Davenport-Mello ("Davenport") and Massachusetts Partnership for Correctional Healthcare ("MPCH") (collectively "MPCH defendants"). See Docket Nos. 137, 147 and 153. Also pending before this Court is a letter from Lopes requesting appointment of counsel. See Docket No. 152.

I.  **Plaintiff's Request for Appointment of Counsel**

Lopes seeks to have this Court appoint counsel to represent him in this matter.  See Docket No. 152.  The letter, signed by Lopes on July 6, 2016, was filed before Lopes was served with defendants' motions for summary judgment.  The letter states, among other things, that he has unsuccessfully sought appointment of counsel twice and that the inmate that had assisted Lopes is no longer assisting him.  At the time of the letter, Lopes had returned from major back surgery at Boston Medical Center and was "sick with cancer of [his] liver still and not doing well at all."  Lopes states that he has a ninth grade education and doesn't "know anything about law [himself and he doesn't] read or understand the laws of this Court."

As explained in earlier orders, indigent civil litigants possess neither a constitutional nor a statutory right to free counsel.  Under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel "for any person unable to afford counsel."  28 U.S.C. § 1915(e)(1).[1]  In order to obtain appointed counsel, a party must show indigency and exceptional circumstances.  DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Here, Lopes has been permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  See Docket No. 5.

---

[1] In this District, there is no Plan authorizing the payment for counsel appointed for civil litigants such as the Plaintiff. Any appointment of counsel would therefore be contingent upon the availability of pro bono counsel to accept voluntarily an appointment.  Cf. 18 U.S.C. § 3006A (providing for appointment of counsel in habeas petitions under 28 U.S.C. § 2241, § 2254 and motions under § 2255 and payment under the Criminal Justice Act).

With respect to exceptional circumstances, a court "examine[s] the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." DesRosiers v. Moran, 949 F.2d at 23; see Weir v. Potter, 214 F. Supp. 2d 53, 54 (D. Mass 2002) (in assessing whether exceptional circumstances exist to warrant appointment, courts consider "merits of the case, the litigant's capability of conducting a factual inquiry, the complexity of the legal and factual issues, and the ability of the litigant to represent [him]self").

In denying one of Lopes' requests for counsel, Magistrate Judge Marianne B. Bowler noted that the factual issues are not complex and "involve a discrete set of facts regarding medical care and alleged retaliation." See 03/03/16 Memorandum and Order, Docket No. 121. The Court notes that the March 3, 2016 Report and Recommendation delineates the legal standards applicable to Section 1983 retaliation and inadequate medical care claims. See Docket No. 120.

Accordingly, Lopes' request for appointment of counsel is denied and he will be granted an opportunity to respond to defendants' motions for summary judgment.

## II. Defendants' Motions for Summary Judgment

Most recently, the Court granted, solely as to Nasuti, the MPCH defendants' motion for judgment on the pleadings (Docket No. 97) and allowed Riendeau and Nickl's motion for summary judgment (Docket No. 99) as to the Section 1983 Eighth Amendment and

retaliation claims.  See 3/30/2016 Order (Docket No. 125) adopting in part, rejecting in part 3/3/16 Report and Recommendation.  The instant motions for summary judgment ask the Court to make a final judgment dismissing the remaining claims in this action.  See Docket Nos. 137, 147 and 153.  Lopes will be granted an opportunity to address these motions, and if he chooses not to file a response, the Court may consider the motions based on the record before it.  Cordi-Allen v. Halloran, 470 F.3d 25, 28 (1st Cir. 2006).

Lopes will be granted the opportunity to respond to the defendants' assertion of facts as required by Fed. R. Civ. P. 56(c) and Local Rule 56.1.  In order to prepare a concise statement of material facts, Lopes' shall admit and/or deny each of the defendants' statements in matching numbered paragraphs.[2]  In certain circumstances, instead of admitting or denying a statement of material fact, Plaintiff may dispute it by "*showing* that the materials cited [by the defendants] do not establish the absence...of a genuine dispute [of fact]."  Federal Rule of Civil Procedure 56(c)(1)(B) (emphasis added).

If plaintiff files a statement of material facts, the defendants will be granted 14 days to file reply papers.

### **ORDER**

For the foregoing reasons, plaintiff's motion to appoint

---

[2] In other words, Plaintiff's paragraph "1" should admit or deny defendants' paragraph "1", Plaintiff's paragraph "2" should admit or deny defendants' paragraph "2", and so on. Any additional material facts Plaintiff wishes to raise must be set forth separately from Plaintiff's admissions or denials of the defendants' statements of material facts.

counsel (Docket No. 152) is **DENIED**.  Lopes is granted 35 days from the date of this Memorandum and Order to file his response to the motions for summary judgment.  The Clerk shall mail to Lopes a copy of this Memorandum and Order along with copies of defendants' statements of material facts: Docket Nos. 139, 149 and 155.  Reply papers, if any, shall be filed within 7 days of receipt of any response by Lopes.  Failure of Plaintiff to file a response will result in the Court considering the motions on the record before it.

**So ordered.**

                                            /s/ Nathaniel M. Gorton  
                                            Nathaniel M. Gorton  
                                            United States District Judge  
Dated: December 5, 2016